UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY KEITH SLEIGHTER,

    Plaintiff,    Case No. 1:13-cv-1071

v.    Honorable Janet T. Neff

COUNTY OF KENT et al.,

    Defendants.
                 /

## OPINION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). The Court is required to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against all Defendants except Kent County and Sheriff Lawrence Stelma.

**Discussion**

I. Factual allegations

Plaintiff was incarcerated at the Kent County Correctional Facility (KCCF) from June 3, 2013 to August 19, 2013. The allegations in his complaint relate to this approximately two-month period of incarceration. Plaintiff sues Kent County, the Kent County Jail Administration, Sheriff Lawrence Stelma, Under Sheriff Jon Hess, Captain Randy Demory, Captain (Unknown) DeWitt, Aramark Food Services (AFS), Unknown Party named as Chaplain "Bill," and the Forgotten Man Mission.

Plaintiff alleges claims for relief for violation of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc. With respect to his first claim, Plaintiff alleges that when he arrived at KCCF he wrote to Chaplain Bill, who is in charge of religious dietary accommodations at KCCF, and requested a Jewish Kosher Diet. Plaintiff was told that the only religious dietary accommodation available was a "vegan" diet. Plaintiff accepted this diet, although it did not meet the requirements of the Jewish Kosher law. Plaintiff alleges that he received food that was neither Kosher nor vegan, and that the food he received did not meet his nutritional needs. As a result, Plaintiff lost weight during his time at KCCF.

Plaintiff corresponded with Defendants Demory, DeWitt and AFS to try to "rectify the problems with his dietary provisions" but "his attempts were left unanswered." (Docket #1, Page ID#4.) Plaintiff alleges that he either had to stop eating or violate his core religious beliefs. Plaintiff "chose a middle path and still lost weight consistently as a result of his nutritional deprivation." (*Id.* at Page ID#3.) Plaintiff does not explain what he means by "middle path."

2

Plaintiff alleges that he "attempted to point out to 'Chaplain Bill' the provisions of the RLUIPA and his rights under the First Amendment 'Free Exercise' clause," however, "Chaplain Bill" told him KCCF policy "supersedes any such rights," (*id.* at Page ID#5), the only law is God's law and that KCCF only allows Christian religious practices and articles of faith.

With respect to his second claim for relief, Plaintiff alleges that KCCF "violated his rights by making him choose between either participating in the Sunday Christian religious service or . . . return[ing] to his cell and forego[ing] privileges normally allow[ed] at the specified time." (*Id.*) Even when he stayed in his cell, he was able to hear the entire Christian religious service. Plaintiff contends that KCCF attempts to convert inmates to Christianity by holding Christian religious services in common living areas, setting aside a section of the prison facility, called the "God Pod," for "the advancement of the Christian religion" and by failing to accommodate any other religious practices. (*Id.* at Page ID#6.) Plaintiff also contends that KCCF practices, policies and procedures favor the Christian religion above all other religions. Plaintiff alleges that he asked the Chaplain about other religious accommodations and was told that if he would convert to Christianity he would receive many accommodations.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To establish that his First Amendment rights have been violated, Plaintiff must demonstrate that Defendants' behavior infringes upon his sincerely held religious practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also, Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348,1997 WL 428903, at *2 (6th Cir.

4

July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials"). Similarly, "[t]he threshold inquiry under RLUIPA is whether the challenged governmental action substantially burdens the exercise of religion." *Baranowski v. Hart*, 486 F.3d 112, 124 (5th Cir. 2007); *see Barhite v. Caruso*, No. 09–1312, 2010 WL 1957493, at *3 (6th Cir. May 14, 2010) ("RLUIPA [ ] requires an inmate to show that his or her religious exercise [is] substantially burdened."); *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 733 (6th Cir. 2007).

### A. Chaplain "Bill"

Plaintiff fails to state a claim against Chaplain "Bill" because he has not alleged any facts suggesting that Chaplain "Bill" violated his First Amendment rights or his rights under RLUIPA.[1]

Plaintiff complains that the diet made available to him after Chaplain "Bill" approved his request for a religious accommodation did not meet his religious or nutritional needs. Nowhere, however, does Plaintiff suggest that Chaplain "Bill" had a role in creating the menu or that he had any authority to change the menu. Additionally, Plaintiff complains that KCCF has policies that favor Christian religious practices above all others and that Chaplain "Bill" conveyed information about these policies to Plaintiff. Nevertheless, Plaintiff does not suggest that Chaplain "Bill" had a role in creating or enforcing these policies, nor does Plaintiff suggest that Chaplain "Bill" would have any role in resolving any complaints about the policies. Plaintiff's allegations suggest only that Chaplain "Bill" could approve or deny religious dietary accommodations. Chaplain "Bill" approved

---

[1] The Court assumes, without deciding, that Chaplain "Bill" is a state actor. The Court further assumes without deciding that the RLUIPA authorizes individual capacity claims against state officials. *See Heard v. Caruso*, 351 Fed. App'x 1, 13 n.5 (6th Cir. 2009).

Plaintiff's religious meal accommodation. Thus, Chaplain "Bill" did not engage in any conduct that infringed or burdened Plaintiff's exercise of his religion. Consequently, Plaintiff fails to state a claim against Chaplain "Bill."

### B. County Defendants

Plaintiff sues Kent County and KCCF. Plaintiff's claim against KCCF fails because KCCF is a building, not capable of being sued in its own right. *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). Kent County is the appropriate Defendant in Plaintiff's action. *Id.* Following initial review, the Court concludes that Plaintiff has sufficiently stated claims for violation of his First Amendment rights and his rights under RLUIPA against Kent County.

### C. Insufficient Allegations of Active Conduct

Plaintiff fails even to mention Defendant Stelma, Hess or the Forgotten Man Mission in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the

complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *Eckford-El v. Toombs*, 760 F.Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff's complaint against Defendants Stelma , Hess and Forgotten Man Mission falls far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). *See also Wood v. Michigan Dep't of Corr.*, No. 1:12-CV-1342, 2013 WL 2458390 (W.D. Mich. June 6, 2013).

Nevertheless, with respect to Defendant Stelma only, Plaintiff alleges that his constitutional rights were violated by policies and practices at KCCF that favored Christians and disfavored all other religions. In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody" of the jails in his county); MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*"). Reading Plaintiff's complaint indulgently, the Court presumes that Plaintiff intended to include Defendant Stelma in his allegations regarding policies and practices at KCCF that caused plaintiff to be deprived of his constitutional rights and his rights under RLUIPA. *Haines*, 404 U.S. at 520. Consequently,

7

although Plaintiff fails to state a claim against Defendants Hess and the Forgotten Man Mission, the Court concludes that he has stated a claim against Defendant Stelma.

However, to the extent Plaintiff implies that Defendant Stelma or any other Defendant failed to adequately supervise their subordinates, he fails to state a claim under §1983. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. To the extent Plaintiff suggests that Defendant Stelma or any other Defendants were responsible for the actions of their subordinates, he fails to state a claim against them.

Plaintiff also alleges that Defendants Demory, DeWitt, and AFS are liable under § 1983 because they failed to adequately respond to his grievances. Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.[2] *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The failure to respond to Plaintiff's complaints does not constitute active conduct by these

---

[2] Although Plaintiff does not refer to any formal grievance in his complaint, he indicates that he sent "correspondence" to Defendants Demory, DeWitt and AFS to alert them to the problem with the "vegan" diet and that his "correspondence" was ignored. (Docket #1, Page ID#4.) The analysis is the same whether Plaintiff submitted an official grievance or simply notified the Defendants in writing of his grievance.

8

Defendants. Consequently, Plaintiff fails to state claims against Defendants Demory, DeWitt and AFS.

Plaintiff also fails to state a § 1983 claim against AFS because he has not alleged that AFS had a policy or practice that deprived Plaintiff of his constitutional rights. The Sixth Circuit has held that "a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). Although Plaintiff does not say so expressly, AFS has apparently contracted with KCCF to provide food services to inmates. If AFS is not a state actor, Plaintiff cannot bring a § 1983 claim against it. However, even if AFS is a state actor, Plaintiff's § 1983 claim fails because "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. This same analysis applies to § 1983 claims against a private corporation like AFS. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("Monell involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.") Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.*; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's constitutional] rights.") Nothing in Plaintiff's complaint suggests that the action or inaction of any AFS personnel occurred as a result of a policy or custom implemented or

9

endorsed by AFS. Consequently, Plaintiff fails to state a § 1983 claim against AFS.

### D. Equal Protection

In his second claim for relief, Plaintiff contends that KCCF has policies, practices and procedures that favor the Christian religion above all other religions. Although he does not expressly raise it, Plaintiff's allegations arguably intend to raise an equal protection claim. Upon initial review, the Court concludes that Plaintiff has sufficiently stated an equal protection claim against Kent County and Sheriff Stelma.

### Conclusion

Having conducted the review required by 28 U.S.C. § 1915(e)(2), the Court determines that all Defendants except Kent County and Sheriff Stelma will be dismissed for failure to state a claim. The Court will serve the complaint against Defendants Kent County and Stelma.

An Order consistent with this Opinion will be entered.


Dated: October 31, 2013             /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge