UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY KEITH SLEIGHTER,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                                Case No. 1:13 CV 1071

COUNTY OF KENT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be **dismissed with prejudice** for failure to prosecute and failure to comply with the Court's Orders.

## BACKGROUND

Plaintiff initiated this action on September 30, 2013, against numerous individuals and entities. The majority of Plaintiff's claims were dismissed on screening. Plaintiff subsequently amended his complaint as to the two remaining defendants, who moved for summary judgment on June 26, 2014. Plaintiff failed to respond to Defendants' motion. On October 1, 2014, the Court issued an Order to Show Cause directing Plaintiff to show cause why Defendants' motion should not be granted. The Court also warned Plaintiff that "failure to file a timely response will result in a report and recommendation that the case be dismissed for failure to prosecute." Plaintiff was given until October 14, 2014, to respond to the Order to Show Cause. As of the date of this Report and Recommendation, Plaintiff has

failed to respond to the Court's Order to Show Cause or otherwise respond to Defendants' motion for summary judgment.

### ANALYSIS

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff "to prosecute or to comply with these rules or a court order" constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal under Rule 41(b) is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Schreiber v. Moe*, 320 Fed. Appx. 312, 317-18 (6th Cir., Nov. 5, 2008) (quoting *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999)).

Consideration of these factors leads the Court to recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's Orders. Plaintiff has refused to respond to Defendants' motion for summary judgment and has ignored this Court's Order to Show Cause. The Court finds that Plaintiff's conduct in this regard is willful. Moreover, Defendants' ability to defend

against Plaintiff's claims is prejudiced by Plaintiff's willful refusal to prosecute this action. Finally, Plaintiff was warned that the Court would recommend dismissal of this action if he failed to respond to the Court's Order to Show Cause. Accordingly, the undersigned recommends that this action be dismissed with prejudice for failure to prosecute and failure to comply with the Court's Orders.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that this action be **dismissed with prejudice** for failure to prosecute and failure to comply with the Court's Orders.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 24, 2014                     /s/ Ellen S. Carmody
                                           ELLEN S. CARMODY
                                           United States Magistrate Judge